## Mechling v. Mechling.

(Decided June 19, 1925.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Divorce—Allowance of Alimony in Sum of $2,500 a Year Reduced to $100 Per Month as Being Excessive, in View of Husband's Finances.—Allowance of alimony in sum of $2,500 a year held to be reduced to $100 per month as excessive, in view of husband's finances: amount of $100 being subject to increase or decrease by the court, depending on husband's financial condition.

J. L. RICHARDSON for appellant.

BEN F. EWING and L. D. GREENE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The trial court entered a judgment of separation between the parties, by the terms of which the defendant was required to pay to his wife, the plaintiff, as alimony, $2,500.00 annually, and he has appealed to this court for a revision thereof. These parties have been married for more than thirty-five years. They have been incompatible and often quite unhappy. The judgment is poorly sustained by the evidence, but as this is a judgment of separation only and not a divorce, we will not say it is not sufficiently sustained.

The doctor's property consists of a home worth probably $15,000.00, 268 shares of Swiss Cleaners & Dyers stock, of which no market value is proven, but book value is shown to be about two for one, it has never paid a dividend since its organization eight years ago, and we cannot feel warranted in estimating its value at more than par, or $13,400.00, as the evidence shows its business has been poor in recent years. This will make the total value of the doctor's property $28,400.00.

According to the doctor's pleadings, he owes close to $40,000.00, and the evidence discloses debts of his approximating $26,000.00. His salary is now $5,000.00 per year. The interest upon what he owes will consume about $1,500.00 of this, income, state and city taxes will consume, we are sure, another $500.00 of it, thus leaving him not over $3,000.00 out of which he must maintain himself and gradually reduce his debts. It is insisted that the doctor has received more salary than this, which is true. His salary and bonuses at one time amounted to three or four times this amount, but Mr. Long testified that the business of the Swiss Cleaners & Dyers was so poor that the directors insisted on reducing the salaries, and told him Dr. Mechling's salary would have to be reduced. Mechling was in debt and defenseless, and had to stand the reduction. Under these circumstances, the allowance to Mrs. Mechling is too large. The court will, therefore, change that, and direct Dr. Mechling to pay his wife $100.00 per month for the present. If his financial condition improves, the court may increase this, and if he gets into greater financial difficulties, it may be necessary for the court to reduce this. This $100.00 per month is to remain a lien upon the doctor's home, until he secures the pay-

ment of this alimony in some other way. If he secures this $100.00 per month in some other way, he may sell this home, to pay his debts, and Mrs. Mechling shall sign the deed, and if she refuse to do so, the court will discontinue this $100.00 per month.

The judgment is reversed and this cause is remanded for further proceedings consistent herewith.